UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NICHOLAS TODDVELLE PINES, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Civil No. <br> Crim. No. CR 17-187-RAJ <br><br> MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY <br><br> Noted for: April 26, 2019 |

Prisoner No: 48512-086

Place of Confinement: Not in prison. Currently serving term of supervised release under supervision of United States Probation and Pretrial Services Office for the Western District of Washington.

**MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

1. (a) Name and location of court that entered judgment: Western District of Washington; Seattle, Washington.

    (b) Case number: CR 17-187-RAJ

2. (a) Date of judgment: April 6, 2018

    (b) Date of sentencing: April 6, 2018

3. Length of sentence: 12 months and 1 day in custody; 3 years of supervised release.

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY
(Nicholas Pines; CR17-187RAJ) - 1

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
**(206) 553-1100**

4. Nature of crime (all counts): Felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1).

5. What was your plea: Pled guilty to count 1 of Indictment – Felon in possession of a firearm.

6. Did you have trial by judge or jury: No

7. Did you testify at pretrial hearing, trial, or post-trial hearing: No

8. Did you appeal from judgment: No

9. If you appealed, answer:
   (a) Name of court:
   (b) Docket or case number:
   (c) Result:
   (d) Date of result:
   (e) Citation to case:
   (f) Grounds raised:
   (g) Did you file a petition for certiorari to the U.S. Supreme Court:
       If yes, answer the following:
       (i) Docket or case number:
       (ii) Result:
       (iii) Date of result:
       (iv) Citation to case:
       (v) Grounds raised:

10. Other than direct appeals listed above, have you previously filed other motions, petitions, or applications concerning this judgment in any court: No

11. (a) If your answer to Question 10 was yes, provide the following information:
   (1) Name of court:
   (2) Docket or case number:

MOTION UNDER 28 U.S.C. § 2255 TO VACATE,
SET ASIDE, OR CORRECT A SENTENCE BY A
PERSON IN FEDERAL CUSTODY
(Nicholas Pines; CR17-187RAJ) - 2

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

1  (3) Date of filing:

2  (4) Nature of proceeding:

3  (5) Grounds raised:

4  (6) Did you receive a hearing where evidence was given on your motion,

5  petition, or application:

6  (7) Result:

7  (8) Date of result:

8  (b) If you filed any second motion, petition, or application, give the same

9  information:

10  (1) Name of court:

11  (2) Docket or case number:

12  (3) Date of filing:

13  (4) Nature of proceeding:

14  (5) Grounds raised:

15  (6) Did you receive a hearing where evidence was given on your motion,

16  petition, or application:

17  (7) Result:

18  (8) Date of result:

19  (c) Did you appeal to a federal appellate court having jurisdiction over the action

20  taken on your motion, petition, or application:

21  (1) First petition:

22  (2) Second petition:

23  (d) If you did not appeal from the action on any motion, petition, or application,

24  explain briefly why not:

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY
(Nicholas Pines; CR17-187RAJ) - 3

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

(12) For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. State the facts supporting each ground.

**GROUND ONE: INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO RAISE ISSUE THAT MR. PINES WAS NOT PREVIOUSLY CONVICTED OF A CRIME PUNISHABLE BY IMPRISONMENT FOR A TERM EXCEEDING ONE YEAR**

**GROUND TWO: ACTUAL INNOCENCE OF § 922(G)**

**GROUND THREE: SUFFICIENCY OF THE EVIDENCE TO PROVE THE ELEMENT THAT MR. PINES WAS PREVIOUSLY CONVICTED OF A CRIME PUNISHABLE BY IMPRISONMENT FOR A TERM EXCEEDING ONE YEAR**

I.  STATEMENT OF FACTS

    A.  Mr. Pines's Federal Conviction and Sentencing

A Grand Jury filed a two-count Indictment charging Mr. Pines with possession of a firearm and possession of ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), on August 2, 2017. Dkt. 13. The two charges alleged that Mr. Pines had "previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year." Dkt. 13. Specifically, the Indictment alleged Mr. Pines had a prior felony (so defined) for taking a motor vehicle without permission in a King County Superior Court-Juvenile Department case under cause number 00-8-01729-6, dated on or about July 23, 2004 but based on conduct from March 31, 2000. Dkt. 13; Dkt. 33-1.

A Certification for Determination of Probable Cause, filed on April 12, 2000, listed details of the juvenile offense alleged in the federal Indictment. Dkt. 33-1 (Ex. 2, p. 1). Mr. Pines, who was 12 years old at the time, admitted he was a passenger in a stolen car. *Id.* at p. 1. The car was reported stolen at 9:15 p.m. and officers performed a

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY
(Nicholas Pines; CR17-187RAJ) - 4

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

traffic stop on the car 16 minutes later, at 9:31 p.m. *Id*. The Order of Disposition for the juvenile case detailed a guideline range of "0-30 days confinement" in the local sanctions section. Dkt. 33-1(Ex. 7 at p. 2). Mr. Pines received a custodial sentence of 3 days with 3 days of credit for time already served. *Id*.

The juvenile case, based on Mr. Pines riding in a stolen car for 16 minutes when he was 12 years old, served as the sole predicate "felony" allegation to authorize charges under 18 U.S.C. § 922(g)(1). Mr. Pines entered a guilty plea to Count 1 of the Indictment on January 16, 2018. Dkt. 22. The Presentence Investigation Report (PSR) calculated a guideline range of 30 to 37 months. PSR at p. 12. The government recommended a sentence of 30 months of imprisonment. Dkt. 30 at p. 1. Mr. Pines recommended a sentence of 12 months and one day. Dkt. 33 at p. 1.

The Court sentenced Mr. Pines on April 6, 2018. At the sentencing hearing, the Court found it "unconscionable" that the juvenile offense – committed when Mr. Pines was just 12 years old – served as the predicate offense to authorize the federal charge for being a felon in possession of a firearm. Dkt. 39 at pp. 27, 29. The Court sentenced Mr. Pines to 12 months and a day of imprisonment with three years of supervised release. Dkt. 38; Dkt. 39 at pp. 28-29. One week later, on April 13, 2018, Mr. Pines was released from federal custody and commenced the term of supervised release. He continues to serve that sentence under the supervision of the United States Probation and Pretrial Services Office for the Western District of Washington.

## II. MR. PINES NEVER SUSTAINED A PREDICATE FELONY CONVICTION TO SUPPORT A PROSECUTION UNDER 18 U.S.C. § 922(G).

Mr. Pines respectfully moves this Court to vacate and correct his sentence under 28 U.S.C. § 2255 based on United States Supreme Court precedent and the holding officially recognizing that controlling precedent in *United States v. Valencia-Mendoza*, 912 F.3d 1215 (9th Cir. Jan. 10, 2019). Mr. Pines's petition is timely under 28 U.S.C. §

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY
(Nicholas Pines; CR17-187RAJ) - 5

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

2255(f)(3) because he filed it within one year of the date of his sentencing, April 6, 2018. Mr. Pines respectfully requests this Court grant his § 2255 motion and vacate his conviction.

Before relevant Supreme Court decisions and *Valencia-Mendoza*, the Ninth Circuit held that "in determining whether a Washington state criminal conviction is of a crime punishable by a term exceeding one year for purposes of prosecution under 18 U.S.C. § 922(g)(1) (felon in possession of a firearm), the maximum sentence for the prior conviction is defined by the state criminal statute, not the maximum sentence in the particular case set by Washington's guidelines." *United States v. Murillo*, 422 F.3d 1152 (9th Cir. 2005). The Ninth Circuit specifically rejected Murillo's argument that the calculation should take into account the absence of "aggravating facts" having been proved in his case, without which only a guidelines range of a year or below had been possible at his sentencing. *Id.* at 1153.

Subsequent United States Supreme Court decisions abrogated *Murillo*. In *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 566 (2010), the Court analyzed whether a petitioner had been "convicted" of an "aggravated felony" in the immigration context, where "felony," was defined as a crime, punishable under the Controlled Substances Act, for which "the maximum term of imprisonment authorized" is "more than one year." *Id.* at 566–67, 571 (citing 8 U.S.C. § 1229b(a)(3); 18 U.S.C. § 3559(a)). The petitioner sustained two prior convictions, each for Texas misdemeanor drug possession. *Id.* at 566. The Court held "that when a defendant has been convicted of a simple possession offense that has not been enhanced based on the fact of a prior conviction," he has not sustained a felony conviction. *Id.* at 582. The Court reasoned that where a defendant has not in fact been charged, convicted, or sentenced with a recidivist enhancement, the maximum term of imprisonment must be judged with respect to the conviction he actually sustained, both because of the notice and process

MOTION UNDER 28 U.S.C. § 2255 TO VACATE,
SET ASIDE, OR CORRECT A SENTENCE BY A
PERSON IN FEDERAL CUSTODY
(Nicholas Pines; CR17-187RAJ) - 6

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

required to impose a recidivist enhancement under either Texas or federal law (but absent in the petitioner's case) and the rule of lenity. *Id.* at 576–81. The fact that recidivist punishment under an § 851 enhancement under federal law was technically accomplished via a sentencing factor rather than an element did not change the analysis because the imposition of the enhancement still required procedural safeguards of notice and an opportunity to challenge the fact of the prior conviction. *See id.* at 572; 578–79.

After *Carachuri-Rosendo*, the Supreme Court held, in another immigration-related case, that "social sharing of a small amount of marijuana" did not qualify as an aggravated felony, defined as, *inter alia*, "any felony punishable under the Controlled Substances Act" where "felony" was further defined as an offense for which the "maximum term of imprisonment authorized" is "more than one year." *Moncrieffe v. Holder*, 569 U.S. 184, 187–88 (2013). The Court held that under the categorical approach, a state conviction was not a "felony punishable under the Controlled Substances Act" when what the state statute necessarily involved could be punishable by either a felony or a misdemeanor under the CSA. *Id.* at 194–95. In rejecting the Government's arguments that the misdemeanor provision should not enter into the equation because it was a "mitigating exception" rather than an element of a separate offense, the *Moncrieffe* Court again emphasized that "we made clear in *Carachuri-Rosendo* that . . . a generic federal offense may be defined by both '"elements" in the traditional sense' and sentencing factors." *Id.* at 195–98.

These cases directly abrogated *Murillo* because they recognized that the absence of a mere sentencing factor (such as the aggravating facts that allow a sentence to be imposed outside the Washington guidelines) could mean that a prior offense, although theoretically subject to a statutory maximum of more than a year, was not in fact "punishable" by more than a year of imprisonment based on the record in the case.

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY
(Nicholas Pines; CR17-187RAJ) - 7

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

In *Valencia-Mendoza*, the Ninth Circuit recognized that *Murillo* had been abrogated because *Carachuri-Rosendo* and *Moncrieffe* had held that "the court must examine both the elements *and the sentencing factors* that correspond to the crime of conviction" when considering whether a crime is punishable by greater than one year. *Valencia-Mendoza*, 912 F.3d at 1222. The *Valencia-Mendoza* Court held that its "earlier precedents [including *Murillo*] are irreconcilable with *Carachuri-Rosendo* and *Moncrieffe* and must be overruled." *Id*. Under *Carachuri-Rosendo* and *Moncrieffe*, where no specific factual circumstances are found by the Washington sentencing court, "the sentencing court [is] bound by the statutory sentencing range" and that range controls the felony definition. *Id.* at 1223. Under Washington state law, "the top of the guidelines range *was* the maximum possible *statutory* punishment." *Id*.

The holdings in *Carachuri-Rosendo* (2010) and *Moncrieffe* (2013) demonstrate that when Mr. Pines entered a guilty plea for being a felon in possession of a firearm he did not have a predicate felony offense. The top of the Washington state guideline range was 30 days for Mr. Pines's juvenile offense. Therefore, as of 2013 at the latest, his offense was "punishable" by no more than 30 days. The holding in *Valencia-Mendoza* merely confirms the conclusion that Mr. Pines did not have a predicate felony to authorize a federal felon in possession of a firearm offense.

### III. LEGAL ARGUMENT

Because a federal conviction for being a felon in possession of a firearm requires a predicate offense punishable by more than one year in prison, Mr. Pines received ineffective assistance of counsel in failing to raise this issue before the prosecutor and the Court. Additionally, he is actually innocent of the offense and there was insufficient evidence to prove he committed the offense because he did not have a qualifying predicate felony to authorize a charge under 18 U.S.C. § 922(g).

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY
(Nicholas Pines; CR17-187RAJ) - 8

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

Pursuant to 28 U.S.C. § 2255, a district court must grant a hearing to determine the validity of a petition brought under that section, "[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994), as amended (May 6, 1994) (quoting 28 U.S.C. § 2255).

### A. Defense Counsel[1] Rendered Ineffective Assistance of Counsel by Failing to Raise the Issue that Mr. Pines Did Not Have a Prior Felony

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). A § 2255 petitioner must show that: "(1) his attorney's performance was unreasonable under prevailing professional standards; and (2) that there is a 'reasonable probability that but for counsel's unprofessional errors, the result would have been different.'" *Blaylock*, 20 F.3d at 1465 (citing *Strickland*, 466 U.S. at 687–91, 694).

Failure to file a motion to dismiss (or otherwise raise the issue) based upon legal defenses to the conviction can constitute deficient performance. *See, e.g.*, *United States v. Liu*, 731 F.3d 982, 998 (9th Cir. 2013) (holding that counsel rendered ineffective assistance by failing to raise a meritorious statute-of-limitations defense where there was no legitimate reason not to do so, and the defendant was convicted as a result); *United States v. Palomba*, 31 F.3d 1456, 1466 (9th Cir. 1994) (holding on direct appeal that counsel rendered ineffective assistance of counsel by failing to dismiss late-filed

---

[1] Due to the obvious conflict of interest, the Assistant Federal Defender who represented Mr. Pines at the time of his plea, and the Federal Public Defender Office are presently filing a motion to withdraw and to appoint substitute counsel from the CJA panel to represent Mr. Pines's interests on these claims.

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY
(Nicholas Pines; CR17-187RAJ) - 9

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

charges where the record contained no "indicia of tactical reflection by counsel" on the issue of whether to file a motion to dismiss).

Here, defense counsel should have been aware of the legal argument that Mr. Pines's prior convictions were not "punishable by imprisonment for more than one year" under 18 U.S.C. § 922(g). As noted above, the Ninth Circuit, in *Valencia-Mendoza*, described prior Ninth Circuit cases rejecting this argument as "clearly irreconcilable" with two United States Supreme Court decisions from 2010 and 2013, *Carachuri-Rosendo* and *Moncrieffe*. *Valencia-Mendoza*, 912 F.3d at 1216, 1219. The importance of these Supreme Court opinions and the need to make these arguments were communicated to lawyers at the Federal Public Defender's Office and the local CJA panel through e-mails. A January 11, 2017 e-mail, titled in part "Washington Guideline Ranges of less than 12 months as predicates for enhancements," described an argument based on these Supreme Court cases and attached a brief that that argued "a Washington state 'felony' conviction where the state guideline range is no more than 12 months, is not a [sic] 'punishable by imprisonment for a term exceeding one year.'" Exhibit A. In December of 2016, an e-mail from the Federal Public Defender was circulated, titled "Washington prior guidelines convictions where the guideline range is no more than 12 months," linking a blog post on this argument, and instructing attorneys to "Please preserve this issue in your sentencing for ACCA, for career offender and any other circumstance where it might apply." Exhibit B.

Other attorneys in this district had been making this argument prior to Mr. Pines's case. *See, e.g.* Motion to Dismiss, *United States v. Webb*, Case No. CR15-00217-RSL, Dkt. 25 at 8 (resolved in defendant's favor on other grounds); Defendant's Sentencing Memorandum, *United States v. Charles*, Case No. CR16-0331-TSZ, Dkt. 15 at 2, 4.

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY
(Nicholas Pines; CR17-187RAJ)  - 10

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

But for the error in failing to bring this motion to dismiss, there is a reasonable probability – as demonstrated by the Ninth Circuit's acceptance of this argument in *Valencia-Mendoza* – that the result in Mr. Pines's case would have been different.

### B. Mr. Pines Is Actually Innocent of 922(g) and There Was Insufficient Evidence to Convict Him

It is an open question whether actual innocence is cognizable in a § 2255 action. *Dist. Att'y's Office for Third Jud. Dist. v. Osborne*, 557 U.S. 52, 71 (2009) (noting "whether such a federal right [to be released upon proof of actual innocence] exists is an open question") (citing *Herrera v. Collins*, 506 U.S. 390, 398–417 (1993) and *House v. Bell*, 547 U.S. 518, 554–55 (2006)). But Mr. Pines's legal innocence of the crime means that he is in custody "in violation of the laws of the United States," an explicit basis for relief under 28 U.S.C. § 2255(a). Such an error "qualifies as 'a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" *Reed v. Farley*, 512 U.S. 339, 348 (1994) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)); *see* Leah Litman, *Legal Innocence*, 104 Va. L. Rev. 417, 432 (2018).

Because conviction of a legally innocent person also violates due process rights including sufficiency of the evidence, he is also in custody in violation of the Constitution. *See In re Winship*, 397 U.S. 358, 364 (1970), *Jackson v. Virginia*, 443 U.S. 307 (1979); *McCoy v. Stewart*, 282 F.3d 626, 632 (9th Cir. 2002) (affirming grant of habeas relief to person who did not violate statute as construed in light of constitutional requirements).

Although Mr. Pines waived his right to collaterally attack his sentence (other than on ineffective-assistance grounds) as part of his guilty plea, this waiver was not valid because it was not intelligent. *See Bousley v. United States*, 523 U.S. 614, 618–19 (1998) ("We have long held that a plea does not qualify as intelligent unless a criminal

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY
(Nicholas Pines; CR17-187RAJ) - 11

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

defendant first receives real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process . . . . Petitioner [ ] maintains that his guilty plea was unintelligent because the District Court subsequently misinformed him as to the elements of a § 924(c)(1) offense. In other words, petitioner contends that the record reveals that neither he, nor his counsel, nor the court correctly understood the essential elements of the crime with which he was charged. Were this contention proved, petitioner's plea would be . . . constitutionally invalid.") (internal quotation marks and citation omitted). Neither Mr. Pines nor defense counsel understood the essential elements of a § 922(g) offense, and thus defense counsel failed to alert the Court to those essential elements.

## IV. MR. PINES IS ENTITLED TO RELIEF UNDER 28 U.S.C. § 2255 BECAUSE (1) HIS PETITION IS TIMELY AND (2) A CERTIFICATE OF APPEALABILITY SHOULD ISSUE IF THIS COURT DENIES MR. PINES'S MOTION.

This motion is timely because it has been filed within one year from the date on which the judgment of conviction became final. 28 U.S.C. § 2255(f)(1).

If the Court denies Mr. Pines's § 2255 Motion, it should issue a certificate of appealability (COA). To warrant a COA, he need not demonstrate that he will prevail on appeal, but only that "reasonable jurists could debate…whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (internal quotation marks omitted); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003) ("a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail"). Given the discussion above, even if this Court rejects Mr. Pines's Motion, the Motion has met this standard and a COA should issue.

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY (Nicholas Pines; CR17-187RAJ) - 12

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

## V. CONCLUSION

For the above stated reasons, Mr. Pines is entitled to relief under § 2255 because he received ineffective assistance of counsel, he is actually innocent of the offense, and there is insufficient evidence to convict him. The Court should vacate the conviction.

DATED this 5th day of April, 2019.

Respectfully submitted,

s/ *Michael Filipovic*
Federal Public Defender
Attorney for Nicholas Pines

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY
(Nicholas Pines; CR17-187RAJ) - 13

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

1 **CERTIFICATE OF SERVICE**

2     I certify that on April 5, 2019, I filed the foregoing document with the Clerk of

3 the Court using the CM/ECF system.

4     I further certify I mailed a copy of this motion to Petitioner Nicholas Pines at

5 4509 South Willow Street, Seattle, Washington 98118.

6
                                s/ *Barbara Hughes*

7                                 Paralegal

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY
(Nicholas Pines; CR17-187RAJ) - 14

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**